UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
(CHARLESTON DIVISION)

| | |
|---|---|
| ANNA RAAB, Individually, and<br>TERRY RAAB, Individually,<br>and as Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>SMITH & NEPHEW, INC.,<br>a Tennessee Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO.: 2:14-30279<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COME NOW, the Plaintiffs, Anna Raab and Terry Raab, and for their Claims for Relief against the Defendant, Smith & Nephew, Inc., a Tennessee Corporation, allege and state as follows:

### JURISDICTION

1. Plaintiffs are, and at all times relevant to this action, were citizens and residents of the State of West Virginia with their place of residence being 1517 Thomas Circle, Charleston, West Virginia 25314.

2. Defendant, Smith & Nephew, Inc. is, and at all times relevant to this action, was a resident and/or corporation with its principal place of residence and/or business in a state other than the State of West Virginia.

3. Complete diversity of citizenship exists within the purview of 28 U.S.C. § 1332. At all times relevant to this cause of action, the Plaintiffs/Defendants had the requisite minimum contacts with the State of West Virginia, and the amount in controversy in this action exceeds Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

## CLAIMS FOR RELIEF

4. On or about, January 12, 2010, Plaintiff, Anna Raab, was admitted to St. Francis Hospital in Charleston, West Virginia, for the purpose of undergoing a right hip resurfacing by Jason Castle, M.D. At the time of said surgery, Dr. Castle utilized and implanted the Defendant's Birmingham resurfacing system. Specifically, the following components of said system were utilized:

   a. Smith and Nephew Birmingham Resurfacing Femoral Component 46 mm (blue);

   b. Smith and Nephew Birmingham Hip Resurfacing Acetabular Component 54 mm (blue);

5. On or about February 17, 2010, it was discovered through diagnostic studies at St. Francis Hospital that Plaintiff suffered a right periprosthetic fracture of the femoral neck.

6. On or about February 17, 2010, Plaintiff underwent a revision surgery at St. Francis Hospital and her right hip resurfacing was converted to a right total hip arthroplasty. Said procedure was performed by Dr. Castle and consisted of revising only the femoral component. The Birmingham Hip Resurfacing Acetabular Component 54 mm (blue) which was placed on January 12, 2010 was not revised and/or removed. However, the following components were implanted:

   a. Smith and Nephew Synergy Porous High Offset Femoral Component, Size 11; REF 71306111; LOT 02FM09453;

   b. Smith and Nephew Modular Head Sleeve 12/14 Taper Plus 0; REF 74222200; LOT 08LW19884;

   c. Smith and Nephew Modular Femoral Head, 46 mm Diameter; REF 74122546; LOT 08JW18838.

7. On or about May 8, 2014, due to recurrent dislocations and severe sublaxation with swelling, proximal thigh enlargement, lumps in the groin area, pain in her buttocks and MRI

2

evidence of pseudotumor formation, Plaintiff was admitted to the University of Pittsburgh Medical Center for the purpose of undergoing a right hip revision by Edward McClain, III, M.D. At that time it was discovered that the Defendant's metal-on-metal hip components that were placed on January 12, 2010 and February 17, 2010 had failed causing all of the above stated problems, and it was further discovered that metal debris from the Defendant's metal-on-metal components was present in the Plaintiff's surrounding bone and tissue of the right hip, including the presence of pseudotumors. At that time, Dr. McClain replaced the Defendant's Birmingham Hip Resurfacing Acetabular Component 54 mm (blue) with the Zimmer Trilogy Acetabular System (liner) and Trabecular Metal Modular Acetabular System (shell); and replaced the Defendant's Modular Femoral Head, 46 mm Diameter; REF 74122546; LOT 08JW18838 with the Defendant's Oxinium ceramic coated femoral head.

8. The Birmingham and Modular Metal-On-Metal Hip System components manufactured, designed and distributed by the Defendant and placed in Plaintiff on two (2) separate occasions failed and such failure directly caused and/or contributed to the severe injuries and pain and suffering of the Plaintiff. Said Birmingham and Modular hip system components were defective in design and/or manufacture. Said defects existed when the components of the Birmingham and Modular hip systems left the hands of Defendant making the components unreasonably dangerous beyond the contemplation of the ordinary user. Defendant is therefore strictly liable to Plaintiff under the doctrine of manufacturers' products liability.

9. Defendant further breached applicable implied and express warranties, including warranties of merchantability and fitness for a particular purpose. Further, Defendant failed to provide appropriate warnings regarding the potential dangers associated with the use of said

Birmingham and Modular metal-on-metal hip systems, including warnings regarding the risk of a failure and infection such as was experienced by Plaintiff.

10. As a direct and proximate result of the design and/or manufacturing defects, failure to warn and breach of express and implied warranties related to Defendant's Birmingham and Modular metal-on-metal hip systems designed, manufactured, distributed, sold and/or placed into the stream of commerce by the Defendant, Plaintiff Anna Raab suffered severe and permanent injuries, including, but not limited to pseudotumor formation, recurrent dislocations and sublaxions with swelling, proximal thigh enlargement, lumps in her groin, pain in her buttocks and has required additional and debilitating surgeries and has incurred significant medical expenses in the past and will incur additional medical expenses in the future; physical pain and suffering, both past and future; mental anguish and emotional distress, both past and future, including, but not limited to, humiliation, embarrassment, annoyance and aggravation; has sustained an impairment of the capacity to enjoy life, both past and present; and has been damaged in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

11. As a further direct and proximate result of the conduct of the Defendant, Smith & Nephew, Plaintiff's spouse, Terry Raab, has and will be deprived of his spouse's services, companionship, consortium and support has suffered wage loss and has been damaged in excess of Seventy Five Thousand Dollars ($75,000.00).

12. As a direct and proximate result of the willful, wanton, intentional acts, reckless and/or the willful, wanton, intentional acts, reckless and/or the willful, wanton, intentional and reckless failures to act by Defendant, Smith & Nephew, Inc., Plaintiffs suffered the aforesaid

damages and, as such, Plaintiffs demand that punitive damages be awarded against Defendant, Smith & Nephew, Inc.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Anna Raab and Terry Raab, pray that this Court enter judgment against the Defendant in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), together with interest and costs of this action, and for such further relief as this Court deems just and reasonable.

PLAINTIFFS DEMAND A TRIAL BY JURY.

/Robert V. Berthold, III
Robert V. Berthold, Jr. (WV Bar #326)
Robert V. Berthold, III (WV Bar # 11065)
BERTHOLD LAW FIRM, PLLC
P. O. Box 3508
Charleston, WV 25335
Telephone (304) 345-5700
Facsimile (304) 345-5703
ATTORNEYS FOR PLAINTIFFS