IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ANNA RAAB, Individually, and**
**TERRY RAAB, Individually, and**
**as Husband and Wife,**

    **Plaintiffs,**

v.                                        **Case No.: 2:14-cv-30279**

**SMITH & NEPHEW, INC.,**
**a Tennessee Corporation,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Compel. (ECF No. 55). Plaintiffs have filed a response in opposition to the motion, and Defendant has replied. (ECF Nos. 58, 59). As the issues are fully briefed and the positions of the parties are clear, oral argument is unnecessary. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to fully respond, within **fourteen (14) days** of the date of this Order, to Interrogatory Nos. 3 and 10 and Request for the Production of Documents No. 7, contained in Defendant's first set of discovery requests.

### I.     Relevant Facts

This products liability action arises from two surgeries performed in early 2010 on Plaintiff Anna Raab's right hip, which involved the use of joint replacement components manufactured and marketed by Defendant Smith & Nephew, Inc. ("S&N"). After the surgeries, Ms. Raab allegedly suffered from recurrent dislocations and severe subluxation

of her right hip, swelling, thigh enlargement, lumps in her groin area, pain in her buttocks, and the growth of a psuedotumor. Ultimately, in May 2014, Ms. Raab underwent a right hip revision procedure using prosthetics supplied by another manufacturer. Plaintiffs allege that defects in the S&N products implanted during the first two surgeries caused the products to fail, resulting in the subsequent complications suffered by Ms. Raab. Plaintiffs assert claims of strict liability and negligence. They seek damages for Ms. Raab's pain, suffering, past and future medical expenses, past and future lost wages, and past and present mental anguish and emotional distress, as well as for Mr. Raab's loss of consortium and loss of wages.

In the course of discovery, S&N served Plaintiffs with Interrogatories and Requests for Production of Documents. Two interrogatories and one document request are the subject of S&N's current motion to compel. In Interrogatory No. 3, S&N asked Ms. Raab to identify all health care providers with whom she consulted during the last ten years, providing names, addresses, dates of treatment, the nature of treatment, the medical condition involved, and the diagnosis, if any. Ms. Raab responded by objecting to the interrogatory on the basis of the physician-patient privilege, noting that she did not "place her entire medical history at issue by filing the lawsuit." Nonetheless, Ms. Raab supplied a list of thirteen health care providers. When S&N questioned the objection and asked whether any providers had not been included in the list, Ms. Raab advised that she had not included her gynecologist and a plastic surgeon, because their care was irrelevant to the case and was not likely to lead to admissible evidence.

In Interrogatory No. 10 and its companion Request for Production of Documents No. 7, S&N inquired about the identity of any insurer "who has provided coverage or funded treatment for any of [Ms. Raab's] medical needs in the past ten (10) years."

Specifically, S&N requested a detailed list of the coverage provided for the injuries alleged in the complaint. In addition, S&N sought copies of all documents referring or relating to benefits, awards, or compensation filed by or on behalf of Ms. Raab, along with any supporting documentation. Plaintiffs objected to these discovery requests on the basis that they were irrelevant, unlikely to lead to admissible evidence, and improperly sought discovery regarding collateral sources.

## II. The Parties' Arguments

In the motion to compel, S&N divides the issues into two distinct disputes. First, S&N addresses its interrogatory asking for information related to Ms. Raab's health care providers. S&N argues that Plaintiffs' assertion of the physician-patient privilege is without merit, as the law is well-settled that West Virginia does not recognize a physician-patient privilege. Moreover, S&N contends that Ms. Raab's medical history is highly relevant to the claims and defenses in this case given the nature of the lawsuit. S&N explains that the records of Ms. Raab's treatment with her gynecologist and plastic surgeon may contain information about her bone quality and health status that is pertinent to the cause of her injuries and the extent of her damages. Because Ms. Raab has placed her medical condition at issue, S&N maintains that it is entitled to discover all of her prior treatment information.

In response to this argument, Plaintiffs concede that West Virginia has not adopted a physician-patient privilege, but point out that the Supreme Court of Appeals of West Virginia has acknowledged the highly confidential nature of medical information and has specifically held that medical information should only be released in a lawsuit to the extent that it "relates to the condition a plaintiff has placed at issue." Plaintiffs assert that S&N's demand for Ms. Raab's gynecologic and plastic surgery records is nothing more

3

than a "fishing expedition," because Ms. Raab clearly has not placed any condition addressed by those records at issue. Furthermore, Plaintiffs emphasize that they have now identified seventeen health care providers in response to S&N's query, including Ms. Raab's family doctor, primary care physician, rheumatologist, and two orthopedists. According to Plaintiffs, information pertaining to Ms. Raab's bone quality and other relevant health conditions would certainly be contained in the records of these providers.

S&N replies to Plaintiffs' arguments by noting that without some information concerning the nature of the treatment Ms. Raab received from her gynecologist and plastic surgeon, S&N has no way of knowing whether their treatment truly addressed conditions unrelated to the claims and defenses in this case. By way of example, S&N indicates that Mr. Raab has asserted a claim for loss of consortium. Consequently, Ms. Raab's gynecologist's records may shed light on that claim, or reveal an alternate cause for Mr. Raab's consortium claim. S&N emphasizes that Plaintiffs have not filed a motion for protective order explaining why information related to gynecologic and plastic surgery treatment should be carved out of the case; instead, they have simply made a unilateral, unreviewable decision as to what is relevant and what is irrelevant.

As to the second dispute, S&N contends that the discovery requests asking about insurance claims and benefit payments are appropriate to obtain additional information concerning Ms. Raab's preexisting conditions and prior injuries, and to identify medical providers that may have been overlooked by Ms. Raab when preparing her other answers. Plaintiffs respond that S&N does not need this information given the number of health care providers she has already identified. Plaintiffs argue that it is likely that any relevant condition or injury would appear somewhere in the records of the numerous treating physicians whose names have already been provided. Moreover, Plaintiffs maintain that

4

the requested materials would constitute collateral source information, which is not admissible and not discoverable. S&N replies that even if some of the requested information pertains to collateral sources, discovery of that information is not precluded. S&N asserts that it is entitled to fully investigate Ms. Raab's emotional and physical health, and obtaining materials regarding claims and benefits is one way of accomplishing that task.

## III. Discussion

Plaintiffs' essential argument against providing a full and complete answer to the interrogatory regarding Ms. Raab's health care providers is that the act of filing a lawsuit should not give the adverse party carte blanche to access all of the plaintiff's private medical information. Indeed, the undersigned finds this position to be a reasonable one and, depending upon the facts of the case, a position that would justify an order limiting the scope of discovery. According to Fed. R. Civ. P. 26(b), a plaintiff's health care information is discoverable only to the extent that it is "relevant to any party's claim or defense and proportional to the needs of the case."

Nevertheless, in the instant action, Plaintiffs have claimed a variety of damages as a result of S&N's allegedly defective joint replacement components, including physical injury, pain, suffering, mental anguish, emotional distress, and damage to the marital relationship. Given the broad nature of the damage claims asserted by Plaintiffs, S&N is entitled to broad discovery of Ms. Raab's medical and emotional history. *See Shoemake v. Eli Lilly and Company,* Civil Action No. 5:13-cv-013-RLV-DCK, 2014 WL 683765, at * 3 (Feb, 20, 2014) ("A party claiming compensatory damages for emotional distress, pain and suffering, and mental anguish puts her mental and physical condition at issue and must produce requested medical records.") (collecting Fourth Circuit cases); *see, also,*

*Thomas v. The Washington University,* Case No. 4:15-cv-01131-JAR, 2016 WL 468722, at *2 (E.D. Mo. Feb. 8, 2016) ("To the extent [a plaintiff] is alleging mental damages, [the defendant] is entitled to information regarding [the plaintiff's] medical and mental condition."); *Bauman v. 2810026 Canada Ltd,* 15-cv-374A(F), 2016 WL 402645, at *1 (W.D. N.Y. Feb. 3, 2016) ("[I]t is basic that commencing an action based on alleged personal injury places a plaintiff's mental and physical condition at issue."); *Marshall v. The Billings Clinic,* CV-14-93-BLG-SPW-CSO, 2015 WL 7574758, at *4 (D. Mon. Nov. 25, 2015) (same); *and Bennett v. Interfor Pacific, Inc.,* No. C10-5277BHS, 2011 WL 2551409, at *2 (W.D. Wash. Jun. 27, 2011) (Health records are discoverable because they may support or refute a claim of emotional distress). Furthermore, as S&N points out, Plaintiffs have not provided any information regarding the nature of Ms. Raab's plastic surgery or gynecologic treatment that would clearly demonstrate the irrelevancy of that care. Plaintiffs have not moved for a protective order, nor have they demonstrated that providing the requested information would be disproportional to the needs of the case. Accordingly, S&N is entitled to a full and complete response to Interrogatory No. 3.

With respect to the requests regarding insurance claims and benefits filings, Plaintiffs argue that S&N is engaged in a fishing expedition and, in any event, information regarding collateral sources is not discoverable. Putting aside for a moment that not all of the requested information would qualify as collateral source data, Plaintiffs rely upon a case from the Northern District of West Virginia for their contention that collateral source information is not discoverable. In *Diviney v. Vantrease,* the West Virginia Northern District Court determined that the defendants were not entitled to discover the names and addresses of individuals who had donated funds during various charity events to raise money for plaintiff's medical bills and expenses after he was injured in an altercation with

6

the defendants. *Id.*, Civil Action No. 1:11CV149, 2012 WL 5252060, at *7 (N.D.W.Va. Oct. 24, 2012). While it is true that the district court discussed the collateral source rule as a potential reason for objecting to discovery, the court did not conclude that, as a blanket rule, discovery of information related to collateral sources is immune from discovery. Instead, the court found that the specific information requested in *Diviney's* case—that being, the names and addresses of donors—was not relevant.

In this case, while some of the information requested by S&N may be collateral source data, the remaining information deals with other claims related to medical care, disability benefits, and the like filed by Ms. Raab in the past ten years. Certainly, in view of Plaintiffs' physical injury, emotional distress, and lost wages claims, materials related to disability and unemployment benefits sought or received by Plaintiffs are relevant, as is evidence of Ms. Raab's medical claims and treatment. To the extent materials reflect payments by collateral sources and may not be admissible, those materials may still be relevant to issues of credibility and damages and, thus, are discoverable barring other exceptions. *See* Fed. R. Civ. P. 26(b) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.") Although some of the requested information may be cumulative, Plaintiffs have not provided the Court with a solid basis upon which to conclude that the cumulative nature of the information, or the burden of responding to the discovery requests, merit an order limiting the scope of the requests under the proportionality considerations of Rule 26. Consequently, S&N has adequately demonstrated that the requests related to claims and benefits do seek information that is relevant to the party's claims and defenses. In contrast, Plaintiffs have not provided any persuasive reason under the federal discovery rules for the Court to deny S&N's motion to compel.

## IV. <u>**Conclusion**</u>

Therefore, S&N is entitled to receive full and complete responses to its discovery requests. Plaintiffs are **ORDERED** to respond, within **fourteen (14) days** of the date of this Order, to Interrogatory Nos. 3 and 10 and Request for Production of Documents No. 7, contained in Defendant's first set of discovery requests.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** May 4, 2016

Cheryl A. Eifert
United States Magistrate Judge